**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


                                   :
JOSE DAVID MARTINEZ,               :    Civil No.  08-4295 (NLH)
                                   :
          Petitioner,              :
                                   :
     v.                            :    OPINION
                                   :
WARDEN, FCI FORT DIX,              :
et al.,                            :
                                   :
          Respondents.             :
                                   :
```

**APPEARANCES:**

    JOSE DAVID MARTINEZ, Petitioner pro se
    # 52574-054
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

    NEIL RODGERS GALLAGHER, Assistant U.S. Attorney
    UNITED STATES ATTORNEY'S OFFICE
    970 Broad Street, Suite 700
    Newark, New Jersey  07102
    Counsel for Respondents

**HILLMAN, District Judge**

Petitioner, Jose David Martinez ("Martinez"), currently is a federal prisoner serving out his federal criminal sentence at the FCI Fort Dix in Fort Dix, New Jersey. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a detainer lodged against him by the State of New York, which is affecting his early release and halfway house placement. The named respondents are petitioner's present custodian, the Warden at FCI Fort Dix, and Susan Sagarin, Parole

Officer for the State of New York, Division of Parole Interstate Bureau.

On October 24, 2008, respondent for the Warden at FCI Fort Dix submitted a response to the petition.[1]  Martinez filed a reply on December 29, 2008, as well as a brief in support of his petition, on January 16, 2009.  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will dismiss the petition without prejudice for failure to exhaust administrative remedies.

## I.   BACKGROUND

On or about September 9, 2003, Martinez was convicted and sentenced to serve a 120-month prison sentence, as imposed by the United States District Court for the Southern District of New York, after petitioner was convicted on federal charges of narcotics trafficking.  Martinez also was convicted of similar drug trafficking crimes in a New York state criminal court on May 8, 1998.  He was sentenced to a prison term of four to twelve years.  The state sentence and the federal sentence were not concurrent.

Martinez complains that he is not allowed to receive credit for early release and halfway house placement under the Federal Bureau of Prisons'("BOP") residential drug abuse treatment

---

[1] Respondent Susan Sagarin of the New York Parole Interstate Bureau has not answered the petition.

program ("RDAP"), if he has a detainer lodge against him. Martinez states that the State of New York has lodged a parole violation detainer against him, as well as a detainer based on petitioner's 1998 New York state sentence.  Martinez further alleges that respondent, New York State Parole Officer Susan Sagarin had informed his attorney that the parole violation detainer would not be adjudicated unless Martinez was brought to New York, and that the State of New York would not bear the cost of transporting petitioner for this purpose.  Accordingly, Martinez seeks to have the U.S. Marshal transport him for adjudication of his state parole violation hearing.

Martinez admits that he has not made any application for the relief requested other than his present petition before this Court.

The Warden respondent has answered the petition, arguing that the petition should be dismissed because Martinez has not exhausted his administrative remedies before proceeding with his habeas petition.  Specifically, respondent states that Martinez has not filed an administrative remedy with the Warden as required.

In his reply to the Warden's answer, Martinez contends that he is "sandwiched" between the State of New York and the BOP, who both refuse to cover the cost of transporting petitioner for adjudication of his parole violation detainer, which leaves

petitioner without any meaningful remedy.  He also argues that an administrative remedy with the BOP would be futile in this regard.

## II. ANALYSIS

### A. Standard of Review

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Martinez is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

### B. Claims Presented

It appears that Martinez is challenging his New York state parole detainer because it is affecting the execution of his federal sentence.  Namely, because a detainer has been lodged

against him, Martinez cannot be scheduled for early release or participate in a RDAP.  Thus, his overriding claim for relief is to have his parole violation detainer adjudicated so that he can participate in the RDAP and early release programs in federal prison.  Martinez is asking only that the BOP or the State of New York transfer him for adjudication of his parole violation detainer.  He is not actually challenging his federal sentence or the execution of his sentence.

C.  Exhaustion of Administrative Remedies

The Warden respondent asserts that the habeas petition should be dismissed because Martinez did not fully exhaust his administrative remedies before filing this habeas petition.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.[2]  See, e.g., Callwood v.

---

[2] To exhaust administrative remedies before the Federal Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally.  See 28 C.F.R. § 542.13.  If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility.  See 28 C.F.R. § 542.14.  If the inmate is not satisfied with the warden's response, he may appeal the warden's decision to the Regional Director within 20 days of the date of the decision.  If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision.  See C.F.R. § 542.15.  If these responses

Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

---

are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

6

In <u>Snisky v. Pugh</u>, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit.  <u>See</u> 974 F. Supp. 817, 819 (M.D. Pa. 1997), <u>rev'd on other grounds</u>, 159 F.3d 1353 (3d Cir. 1998).  The court recognized that exhaustion could be excused where it would be futile.  <u>See id.</u>  In <u>Snisky</u>, the court found that the BOP "unequivocally" would deny the petitioner's relief, and he would return to the district court after the denial.  Thus, the court addressed the claims on the merits.

Likewise, in <u>Ferrante v. Bureau of Prisons</u>, the court found that if the petitioner's claim were meritorious, he would be released to a halfway house relatively soon; therefore, dismissing the petition for lack of exhaustion would be futile. <u>See</u> 990 F. Supp. 367, 370 (D.N.J. 1998)(citing <u>Snisky</u>, 974 F. Supp. at 819-20).  Further, the court held that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached.  <u>See id.</u>  <u>See also</u> <u>Fraley v. Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

Here, this Court notes that petitioner does not have an imminent release date that would make full exhaustion in this

case futile.  Moreover, Martinez has made no attempt to exhaust his claim against the Warden at FCI Fort Dix, or the BOP in general, before proceeding with this habeas petition. Therefore, this Court will dismiss this petition against the federal respondent, without prejudice, for failure to exhaust administrative remedies.

D.   Claim Against State Respondent

   Martinez also seeks habeas relief from the State of New York, asking that the State adjudicate his parole violation.  As noted above, this habeas claim does not challenge Martinez's federal conviction or sentence for which he is presently confined.  Instead, Martinez alleges that the State of New York has refused to bring petitioner to a parole violation hearing for which a detainer has been lodged against him.  Thus, it would appear that Martinez is simply seeking an order compelling the State of New York to transport him to New York to adjudicate his parole violation detainer/warrant.

   While this Court currently has jurisdiction over Martinez because he is confined in this district at FCI Fort Dix, the issue remains whether this district court is the proper forum to litigate Martinez's claim.  Martinez was not convicted in this district, nor is he challenging the legality of his present confinement in federal prison.  Rather, he is challenging the detainer lodged against him by the State of New York concerning a

parole violation, which is preventing him from participating in early release programs at FCI Fort Dix. Consequently, the most appropriate forum for such a challenge is the district court located in the State of New York, where the charges against Martinez were filed and where petitioner seeks to enforce his right to a due process hearing on his parole violation detainer. See United States ex rel. Meadows v. New York, 426 F.2d 1176, 1182-83 (2d Cir. 1970)(best court to consider challenge to an interstate detainer is the district court located in the state which lodged the detainer)[3], cert. denied, 401 U.S. 941 (1971);

---

[3] Martinez relies on the Meadows case, but confuses its applicability here. Martinez asserts the case to show that there is "sufficient custody to render the remedy of habeas corpus available" to him. (Petitioner's January 14, 2009 letter to this Court, Docket entry no. 6). Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c).

For purposes of challenging a state court sentence, 28 U.S.C. § 2254 applies. "A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241." DeVaughn v. Dodrill, 145 Fed. Appx. 392, 394 (3d Cir. Aug. 23, 2005). However, where a petitioner is serving his federal sentence, he satisfies the "in custody" requirement of § 2254 in light of the state sentence petitioner must serve following his release from federal confinement. Maleng, 490 U.S. at 493 (where a § 2254 petitioner who challenged his state sentences would be returned to state authorities to serve his state sentences at the completion of his federal sentence, he was "in custody" under his state sentences despite the fact that he was still serving his federal sentence); Meadows, 426 F.2d at 1179 (federal prisoner challenging a state conviction and sentence which was to be served consecutive to his federal

see generally, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-499 (1973).  Consequently, this action against the State of New York respondent is subject to dismissal for improper venue.  See 28 U.S.C. § 1406(a).

However,"[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any other district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Here, this Court finds that it would be in the interests of justice to transfer this petition as it relates to the New York state respondent[4] to the United States District Court for the Southern District of New York.  Therefore, the claim against the New York state respondent is severed from this action and it will be transferred to the Souther District of New York for consideration.

---

sentence was "in custody" under his state court conviction, and habeas petition was properly filed in the district court within which the State court was held that had convicted and sentenced petitioner).

[4]  Because the remaining claim against the State of New York will be transferred, this Court makes no adjudication as to whether Martinez has named the proper respondent with respect to his claim for relief from the New York state detainer.

**CONCLUSION**

Therefore, based on the foregoing, the claim against the federal respondent, the Warden at FCI Fort Dix, will be dismissed without prejudice for failure to exhaust administrative remedies. The remaining claim for relief as against the New York state respondent will be severed from this action and transferred to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1406(a). An appropriate order follows.

```
                                   s/Noel L. Hillman
                                  NOEL L. HILLMAN
                                  United States District Judge
```

Dated: April 21, 2009

At Camden, New Jersey